UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSMAN GERARDO ZARATE CASTILLO,<br><br>        Petitioner,<br><br>   v.<br><br>M.E. SPEARMAN,<br><br>        Respondent. | No. 2:17-cv-2073 KJM GGH<br><br>FINDINGS AND RECOMMENDATIONS |

*Introduction*

    Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus pursuant to 28 U. S. C. § 2254. The matter was referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302. Pending before the court is respondent's motion to dismiss on the ground that the petition is barred by the one-year statute of limitations pursuant to 28 U.S.C. § 2244(d). ECF No. 13. Petitioner has filed an opposition, and respondent a reply. ECF Nos. 19, 20. After carefully reviewing filing, the court now issues the following findings and recommendations.

*Discussion*

  I.  <u>Statute of limitations</u>

    On April 24, 1986, Congress enacted the Antiterrorism and Effective Death Penalty Act

of 1996 (hereinafter "AEDPA"). Pursuant to 28 U.S.C. § 2244(d)(1), AEDPA imposes a one-year statute of limitations for federal habeas corpus petitions. 28 U.S.C. §2244(d)(1) provides, in pertinent part:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).

On June 23, 2016, petitioner was convicted in Shasta County Superior Court for eleven sexual offenses - two counts of sexual penetration of a child under 10 years (Pen. Cod. § 288.7(b)), one count of forcible sexual penetration (Pen. Cod. § 289(a)(1)(A)), and eight counts of committing a lewd or lascivious act with a child under 14 years (Pen. Cod. § 288(a)). Resp't's Lodg. Doc. No. 1. Petitioner was sentenced to a determinate term of 20 years in prison and an indeterminate term of 30 years to life in prison. Resp't's Lodg. Doc. Nos. 1, 2. On February 1, 2016, the California Court of Appeal, Third Appellate District affirmed in part and reversed in part the judgment. Resp't's Lodg. Doc. No. 2. Specifically, the California Court of Appeal reversed petitioner's conviction as to count 3 (committing a lewd or lascivious act by fondling the victim's chest over her clothing), and modified petitioner's sentencing by striking the two-year consecutive term for the offense. Id. The remainder of the judgment was affirmed. A petition for review with the California Supreme Court was denied on May 11, 2016. Resp't's Lodg. Doc. Nos. 3, 4.

Petitioner's conviction became final for purposes of AEDPA on August 10, 2017. Accordingly, this instant action filed October 6, 2017 is barred as untimely unless petitioner is entitled to tolling.

A. Finality of Direct Review

Petitioner argues that his petition is timely because he was entitled to an extra ninety days after August 10, 2017 for seeking review with the California Supreme Court. As stated by respondent, petitioner miscalculates the limitations period.

Here, the pertinent commencement period for the statute of limitations begins on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). In this case, petitioner sought direct review of his conviction from the California Supreme Court, which was denied on May 11, 2016. Resp't's Lodg. Doc. No. 4. The record shows petitioner did not submit a petition for writ of certiorari to the United States Supreme Court. Consequently, petitioner's conviction became final at the expiration of the ninety-day period to seek certiorari immediately following the decision of the state's highest court. Clay v. United States, 537 U.S. 522, 528 n.3 (2003); Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999). Therefore, petitioner's conviction became final on August 9, 2016, and AEDPA's one-year clock began on August 10, 2016. See Patterson v. Stewart, 251 F.3d 1243, 1247 (9th Cir. 2001) (citing Fed. R. Civ. P. 6(a)) (the day order or judgment becomes final is excluded and time begins to run the day after the judgment becomes final). Absent tolling, petitioner had until August 10, 2017, to file a federal habeas corpus petition.

B. Equitable Tolling

In his opposition to the motion to dismiss, petitioner contends he is entitled to equitable tolling based on the following two grounds: (1) his inability to speak, write, or understand English; and (2) his lack of access to the law library.

A habeas petitioner is entitled to equitable tolling of AEDPA's one-year statute of limitations only if he shows: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstances stood in his way and prevented timely filing. See Holland v. Florida, 560 U.S. 631, 649 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009). The diligence

required for equitable tolling purposes is "reasonable diligence," not "maximum feasible diligence." See Holland, 560 U.S. at 653; see also Bills v. Clark, 628 F.3d 1092, 1096 (9th Cir. 2010).

As to the extraordinary circumstances required, the Ninth Circuit has held that the circumstances alleged must make it impossible to file a petition on time, and that the extraordinary circumstances must be the cause of the petitioner's untimeliness. Bills, 628 F.3d at 1097 (citing Spitsyn v. Moore, 345 F.3d 796, 799 (9th Cir. 2003)). This is a very high threshold, "lest the exception swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). "In addition, '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling may be appropriate.'" Lott v. Mueller, 304 F.3d 918, 922 (9th Cir. 2002) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). Determining whether equitable tolling is warranted is a "fact-specific inquiry." Spitsyn, 345 F.3d at 799 (citing Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001).

1. Language Barrier

First, petitioner claims entitlement to equitable tolling based on his "[in]ability to [speak, understand, or write] any English." ECF No. 19 at 2-3. However, petitioner provides no further facts or argument that could constitute extraordinary circumstances in light of his inability to speak, understand, or write in English. "A non-English-speaking petitioner seeking equitable tolling must, at a minimum, demonstrate that during the running of the AEDPA time limitation, he was unable, despite diligent efforts, to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source." Mendoza v. Carey, 449 F.3d 1065, 1070 (9th Cir. 2006); see also Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner was not sufficient cause to avoid procedural bar). Here, petitioner has failed to meet his burden demonstrating the existence of equitable tolling based on his lack of proficiency and competency in English.

2. Lack of Access to Law Library

Second, petitioner argues "external forces beyond his control such as the non [-] existing access to law library by prison officials at High Desert State Prison" entitles him to equitable

tolling. The Ninth Circuit has held that lack of access to library materials does not automatically qualify as grounds for equitable tolling, but instead requires a more fact-specific inquiry. Frye, 273 F.3d at 1146 (citing Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc)). "Ordinary prison limitations on [petitioner]'s access to the law library and copier […] [are] neither 'extraordinary' nor made it 'impossible' for [petitioner] to file his petition in a timely manner." Ramirez, 571 5.3d at 998. Here, petitioner's cursory allegation of his limited access to the prison law library fails to establish the existence of equitable tolling.

        3. <u>Actual Innocence Exception</u>

In his petition, petitioner attacks his convictions on the basis that he is "innocent of all charges against" him. ECF No. 1 at 2. The court will address next whether petitioner makes a showing of actual innocence sufficient to satisfy the requirements for equitable tolling.

"[A]ctual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar…[or] expiration of the statute of limitations." McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). "'[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" McQuiggin, 569 U.S. at 386 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1918)). "Actual innocence means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998). The actual innocence exception applies to a "narrow class of cases implicating a fundamental miscarriage of justice." Lee v. Lambert, 653 F.3d 929, 938 (9th Cir. 2011) (en banc)). Petitioner's vague and conclusory reference that he is innocent of all charges because there was no evidence other than hearsay falls exceedingly short of satisfying this requirement. Petitioner's argument seems to contest the sufficiency of the evidence supporting his convictions rather than the exacting standard of actual innocence. Moreover, petitioner fails to provide new and reliable evidence to support a finding that this case falls into the narrow class of cases implicating a fundamental miscarriage of justice. Therefore, the actual innocence exception to the AEDPA one-year statute of limitations does not apply here.

Accordingly, the undersigned finds that petitioner has not met his burden of demonstrating

the existence of grounds for equitable tolling. See Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005) (petitioner bears the burden of demonstrating grounds for equitable tolling). For reasons stated above, the undersigned recommends denying petitioner's claim that he is entitled to equitable tolling and granting respondent's motion to dismiss on the ground that the petition is untimely.

*Conclusion*

Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in these findings and recommendations, a substantial showing of the denial of a constitutional right has not been made in this case

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss, ECF No. 13, be granted;

2. The petition, ECF No. 1, be dismissed with prejudice;

3. The District Court decline to issue a certificate of appealability.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order.

////

////

////

////

6

Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

Dated: September 3, 2018

/s/ Gregory G. Hollows<br>UNITED STATES MAGISTRATE JUDGE